IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ZACHARY COSTANZO,

        Plaintiff,

v.                                        Civil Action No. 5:16CV168
                                                                        (STAMP)
EMS USA, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS**

I.  Background

This civil action was removed to this Court from the Circuit Court of Ohio County, West Virginia, on the basis of diversity jurisdiction. The case is an employment dispute arising out of a covenant not to compete that the plaintiff, Zachary Costanzo, entered into with the defendant, EMS USA, Inc., a corporation that provides energy maintenance services within the oil and gas industry. The plaintiff is a resident of Ohio County, West Virginia, and the defendant is a Texas corporation authorized to conduct business in West Virginia. On June 18, 2015, the parties executed an offer letter in Ohio County, West Virginia, by which the plaintiff became an office manager for the defendant. The covenant not to compete is contained within the defendant's Confidentiality, Non-Competition, Non-Solicitation, and Non-Disparagement Agreement ("Restrictive Covenant Agreement") and prevents the plaintiff from working for a competing company in the

territory for 12 months following his employment term with the defendant.

The covenant not to compete states, in relevant part, as follows:

> Employee agrees that during the Employment Term and for a period of twelve (12) months thereafter (the "Restrictive Covenant Term"), Employee shall not directly or indirectly, whether for Employee's account or for any other person or entity, engage in or participate in the ownership, management, operations or control of, or be employed by or connected in any manner with, any business that competes with the Company in the Territory by offering services that are the same or similar to those Employee performed on behalf of the Company during the Employment Term . . . . "Territory" shall mean the geographic area served by the Location and any other Company facility: (1) that Employee regularly works out of, supervises or manages (in whole or in part), (2) that is assigned to Employee as part of his or her designated territory, or (3) about which Employee receives confidential information. As used here, the "geographic area served" is understood to be the area within a one hundred (100) mile radius of the Location or Company facility, except where Employee can prove the market area served is smaller by clear and convincing evidence, in which case such smaller area shall apply. As used here, Location means Employee's work address. Notwithstanding the foregoing, this Section 2 shall not apply if Employee's employment is terminated by the Company without Cause.

ECF No. 1-1 at 13-14.

The plaintiff states in his complaint that the defendant terminated his employment for cause on August 16, 2016, at which time the defendant informed him that it would enforce the covenant not to compete contained in the Restrictive Covenant Agreement against him. The plaintiff makes claims for breach of contract, tortious interference with prospective employment, and breach of

2

West Virginia's Wage Payment and Collection Act. The plaintiff also seeks declaratory judgment regarding the enforceability of the covenant not to compete contained in the Restrictive Covenant Agreement.

The plaintiff filed the present motion for partial judgment on the pleadings, which seeks judgment on the pleadings as to the question of whether the covenant not to compete is enforceable. The issues presented in the plaintiff's motion are fully briefed and ripe for decision. After a review of the parties' memoranda and the applicable law, this Court finds that the plaintiff's motion for partial judgment on the pleadings must be denied.

## II. Applicable Law

A motion for judgment on the pleadings is permitted under Federal Rule of Civil Procedure 12(c). Such a motion is intended as an avenue by which parties may dispose of a case on the basis of the underlying substantive merit of the parties' claims as they are revealed in the formal pleadings "after pleadings are closed, but early enough not to delay trial." Fed. R. Civ. P. 12(c); 5C Wright & Miller, Federal Practice and Procedure Civil 3d § 1367 (2007). When considering a motion for judgment on the pleadings pursuant to Rule 12(c), a court should apply the same standard as when considering a motion to dismiss pursuant to Rule 12(b)(6). See Burbach Broadcasting Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002).

As with a motion to dismiss, a motion for judgment on the pleadings "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Hence, in assessing a motion for judgment on the pleadings, a court must accept as true the factual allegations contained in the complaint. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Further, as a general matter, no information outside of the pleadings may be considered. See Fed. R. Civ. P. 12(d). However, documents "integral to and explicitly relied on in the complaint" may be considered. Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

### III. Discussion

Covenants not to compete are generally enforceable in West Virginia, subject to a rule of reasonableness. See Reddy v. Cmty. Health Found. of Man, 298 S.E.2d 906, 910 (W. Va. 1982) ("[A]n anticompetitive covenant will be upheld if supported by consideration, ancillary to a lawful contract, and both reasonable and consistent with the public interest."). "A covenant is unreasonable on its face when the restriction is excessively broad with respect to time or area, or if in the circumstances the true purpose of the covenant appears to be merely to repress the

employee, and him from leaving, rather than to protect the employer's business." Id. at 915.

If a covenant not to compete is reasonable on its face, the employer must show that it has an interest requiring protection. See id. at 916 (stating that an employer may demonstrate its interest requiring protection "by showing that [its] industry operates in which a way that [it] could be harmed by employees appropriating trade assets, and by particularizing for the court the trade assets susceptible of appropriation by the employee"). If the employer shows that it has a protectable interest, "the covenant in its entirety is presumptively enforceable." Id. (emphasis in original).

The employee may then "rebut the presumptive enforceability of the covenant by showing either that he has no company trade assets to abuse, or that the assets made available to him properly belong to him, or that the interests asserted by the employer may be protected by a partial enforcement of the covenant." Id. at 917. If the employee does rebut the presumptive enforceability of the covenant, "the covenant may be tailored by the court to comport with the equities of the case." Id.

As a preliminary matter, the plaintiff argues that the covenant not to compete is unenforceable because it is not ancillary to a lawful contract. Specifically, the plaintiff contends that the defendant "categorically denies the existence of

a contract between it and Plaintiff." ECF No. 4-1 at 3. However, while the plaintiff's employment was at-will, the pleadings show that the plaintiff's at-will employment was nonetheless subject to the terms included in the offer letter and the parties' Restrictive Covenant Agreement. The plaintiff's access to confidential information in the course of his employment by the defendant appears to provide the consideration necessary to enforce the covenant not to compete, even though the employment was at will. See Reddy, 298 S.E.2d at 910 ("[The contract] contains mutual promises, and that is adequate consideration on its face."). The defendant's answer indicates that the offer letter did not prevent the application of the employment-at-will doctrine and that the defendant never denied the enforceability of all terms of the Restrictive Covenant Agreement. ECF No. 2. The pleadings contain no factual assertions that support the plaintiff's contention that the covenant not to compete was not ancillary to a lawful contract.

Given that the covenant not to compete appears to be ancillary to a lawful contract, the Court must next determine whether the covenant is reasonable on its face. The plaintiff has not pled sufficient facts for this Court to determine that the covenant not to compete is unreasonable on its face. Although the plaintiff asserts that the covenant is designed to intimidate him, he has not pled any facts in support that assertion. The plaintiff states that "the covenant at issue is designed to intimidate Plaintiff

6

rather than protect any interest of Defendant." ECF No. 4-1 at 2. The plaintiff's only support for that assertion is that the defendant notified him that it intended to close the office in which he worked. ECF No. 1-1 at 4. Even accepting that allegation as true, the Court cannot determine from the allegation that the covenant was designed to intimidate the plaintiff.

The Court also cannot determine that the covenant is unreasonable on its face by virtue of any excessively broad restriction with respect to time or area. The covenant not to compete is limited to a period of twelve months and to a 100-mile radius of the company's facility, and does not apply if the employee is terminated without cause. See Panhandle Cleaning & Restoration, Inc. v. Vannest, No. 5:11CV178, 2012 WL 4757906, at *4 (N.D. W. Va. Oct. 5, 2012) (finding that a two-year restrictive covenant was valid and enforceable); Wyckoff v. Painter, 115 S.E.2d 80, 87 (W. Va. 1960) (upholding a restrictive covenant covering all of the state of West Virginia); Huntington Eye Assocs., Inc. v. LoCascio, 553 S.E.2d 773, 774 (W. Va. 2001) (finding that a fifty-mile competition restriction was not facially overbroad). The plaintiff does not allege that any of those limitations are unreasonable. Furthermore, the covenant provides that, if the "[e]mployee can prove the market area served is smaller by clear and convincing evidence, . . . such smaller area shall apply." ECF No. 1-1 at 13. The plaintiff offers no such clear and convincing

evidence. Thus, the Court cannot conclude from the allegations pled in the complaint that the covenant not to compete is unreasonable on its face.

Because the covenant not to compete appears to be ancillary to a lawful contract and reasonable on its face, the defendant must next show that it has an interest requiring protection. This is a matter that must be developed in discovery. There are not sufficient factual allegations at this stage in the proceedings to determine whether the defendant has an interest requiring protection. And, if the Court were to find that the defendant has an interest requiring protection, then the plaintiff would have an opportunity to rebut the resulting presumption that the covenant not to compete is enforceable. Any facts that might rebut a presumption of enforceability would also have to be developed in discovery. For example, the plaintiff asserts that he was not terminated for cause, in which case the covenant not to compete would not apply to him. However, whether the plaintiff's termination was for cause is a factual issue that cannot be determined at this stage. Thus, even accepting the factual allegations in the complaint as true for the purposes of this motion, this Court finds that the motion must be denied.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion for partial judgment on the pleadings (ECF No. 4) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     September 21, 2017

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE