IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ZACHARY COSTANZO,

    Plaintiff,

v.                                              Civil Action No. 5:16CV168
                                                               (STAMP)
EMS USA, INC.,

    Defendant.

## **ORDER ESTABLISHING DAMAGES IN DEFAULT JUDGMENT**

On May 14, 2018, the plaintiff, by counsel, filed a motion for default judgment. ECF No. 17. The plaintiff then filed an amended motion for default judgment. ECF No. 18. The amended motion represents that, by not retaining counsel, the defendant has demonstrated its clear intent not to actively defend this civil action. Accordingly, the plaintiff requested that default judgment as to liability be entered against the defendant and that a hearing be scheduled with respect to the amount of damages to which the plaintiff is entitled.

By previous order, this Court directed the clerk to enter default pursuant to Federal Rule of Civil Procedure 55(a) and directed plaintiff to serve his amended motion for default judgment on the defendant at the Houston address listed on the docket sheet in this civil action. ECF No. 19.

Pursuant to Federal Rule of Civil Procedure Rule 55(a), and this Court's order, the clerk entered default against defendant EMS USA, Inc., for failure to defend this matter. ECF No. 20.

Pursuant to this Court's Order Directing Clerk to Enter Default and Directing Plaintiff to Serve Motion for Default on Defendant (ECF No. 19), counsel for plaintiff filed a certificate of service certifying that the Motion for Default Judgment and Amended Memorandum in Support was served via first class mail, postage prepaid to the Houston address listed on the docket sheet in this civil action on July 6, 2018. ECF No. 21.

On July 25, 2018, pursuant to this Court's order (ECF No. 19), plaintiff, by counsel, filed a notice of service advising the Court that plaintiff's Amended Motion for Default Judgment was served on defendant at the Houston address listed on the docket sheet in this civil action and that said Amended Motion for Default Judgment was returned to sender as "not deliverable" and "unable to forward." ECF No. 23. Plaintiff adds that defendant was previously served the Amended Motion for Default Judgment at the Pasadena address. ECF No. 23 at 3.

This Court found, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, it was appropriate to enter default judgment against the defendant in the above-styled civil action as to liability and a hearing was scheduled with respect to the determination of the amount of damages. Accordingly, plaintiff's amended motion for default judgment (ECF No. 18) was granted, and the plaintiff's earlier motion filed for default judgment (ECF No. 17) was denied as moot.

On July 3, 2018, the Clerk entered default against defendant, pursuant to Federal Rule of Civil Procedure 55(a).  ECF No. 20.  On August 27, 2018, plaintiff, Zachary Costanzo, appeared before this Court for a hearing to consider damages on his motion for default judgment.  At the hearing, the plaintiff, Zachary Costanzo, testified, under oath, regarding the amount damages due.  The plaintiff testified that while employed at EMS USA, Inc. his salary was $165,000.00.  He was then unemployed for six months.  During that period of unemployment, the plaintiff testified that he lost a salary of $100,000.00.  The plaintiff was then employed by North American Services Group in February 2017, with a starting salary of $125,000.00.  The plaintiff continued to receive this salary from February to August 2017.  He then received a raise, and began making a salary of $132,000.00.  From February 2017, when he started his position at North American Services Group at a salary of $125,000.00, to August 2017, the plaintiff testified that he suffered approximately $40.000.00 in lost wage damages.  The plaintiff then testified that his lost wage damages from August 2017 to the present date is approximately $70,000.00. With respect to other lost benefits, the plaintiff testified that he accrued some paid time off of about two weeks, resulting in $5,000.00 in damages.  Plaintiff testified there was also a car allowance difference between EMS USA, Inc. and North American Services Group, which totaled approximately $7,000.00 in damages.  Based upon the evidence presented at the hearing, this Court finds that although,

3

plaintiff previously represented that his total damages were in the amount of $225,000.000, this Court is of the opinion that the testimony supports an award of $222,000.00. This Court grants plaintiff's motion for default judgment in the amount of $222,000.00. Additionally, this Court finds that plaintiff is entitled to post-judgment interest on the amount set forth below.

Accordingly, it is hereby ORDERED that default judgment be entered against defendant in the amount of $222,000.00 which constitutes: $100,000.00 in damages accumulated during the plaintiff's six-month period of unemployment; $40,000.00 in damages accumulated from February 2017 to August 2017; $70,000.00 in damages accumulated from August 2017 to the present date; $5,000.00 in damages for earned paid time off while plaintiff worked for the defendant; and $7,000.00 in damages for a car allowance. It is further ORDERED that plaintiff is entitled to post-judgment interest at the legal rate of 2.44% per annum from the date of this judgment order until the date the judgment is paid in accordance with 28 U.S.C. § 1961.

Further, plaintiff has requested an award against EMS USA, Inc. for attorney's fees (ECF No. 1-1 at 6) and has tendered this request at the evidentiary hearing on August 27, 2018. With respect to this request, the plaintiff is ORDERED to provide a memorandum of law outlining the plaintiff's right to recover attorney's fees to this Court and to the defendant at EMS USA, Inc., 2000 Bering Drive, Suite 600, Houston, Texas 77057, which is

the address provided for the defendant on the docket sheet, and also by certified mail to Laura Villa, Esquire, General Counsel, EMS Energy Solutions, LLC, 5391 Bay Oaks Drive, Pasadena, Texas 77505.  The plaintiff is also ORDERED to provide supporting documentation regarding the calculation of the amount of attorney's fees in support of his request.  Such memorandum shall be filed no later than **5:00 p.m. on Friday, August 31, 2018**.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

ENTERED:  August 29, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
