IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ZACHARY COSTANZO,

    Plaintiff,

v.                                          Civil Action No. 5:16CV168
                                                            (STAMP)

EMS USA, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

On August 29, 2018, this Court entered default judgment against the defendant EMS USA, Inc. ECF No. 29. On that same date, following a request by the plaintiff at the hearing for recovery of attorney's fees, this Court also ordered the plaintiff to provide a memorandum of law outlining the plaintiff's right to recover attorney's fees to this Court and to the defendant. ECF No. 28 at 4. On August 30, 2018, the plaintiff timely filed his memorandum in support of an award of attorney's fees. ECF No. 30.

The general rule is that each litigant bears his own attorney's fees. Sally-Mike Properties v. Yokum, 179 W. Va. 48, 50, 365 S.E.2d 246, 248 (1986); State ex rel. Division of Human Servs. v. Benjamin P.B., 190 W. Va. 81, 84, 436 S.E.2d 627, 630 (1993); Helmick v. Potomac Edison Co., 185 W. Va. 269, 271 S.E.2d 700, 702 (1991); Nelson v. West Virginia Pub. Employees Ins. Bd., 171 W. Va. 445, 450, 300 S.E.2d 86, 91 (1982). There are judicially created exceptions. Daily Gazette Co., Inc. v. Canady, 175 W. Va. 249, 250, 332 S.E.2d 262, 263 (1985); Shields v. Romine, 122 W. Va. 639, 13 S.E.2d 16 (1940); Frazee Lumber Co. v. Haden,

156 W. Va. 844, 197 S.E.2d 634 (1973). There are generally recognized exceptions to the general rule in certain circumstances, including where: (1) a contract shifts attorney's fees; (2) parties create or preserve a common fund; (3) the substantial benefit doctrine applies; (4) a party attempts to enforce a final judgment through contempt proceedings; (5) there is evidence of bad faith. John F. Vargo, <u>The American Rule on Attorney Fee Allocation: The Injured Person's Access to Justice</u>, 42 Am. U. L. Rev. 1567, 1578-1590 (1993); see <u>Bowling v. Ansted Chrysler-Plymouth-Dodge, Inc.</u>, 188 W. Va. 468, 475 S.E.2d 144, 151 (1992) (finding that fraudulent conduct fell under the judicially adopted "bad faith" exception to the rule); <u>Hayseeds, Inc. v. State Farm Fire & Casualty</u>, 177 W. Va. 323, 324 S.E.2d 73, 74 (1986) (permitting collection of attorney's fees in certain situations where a policyholder substantially prevails in a property damage suit against its insurer); <u>Aetna Casualty & Surety Co. v. Pitrolo</u>, 176 W. Va. 190, 191, 342 S.E.2d 156, 157 (1986) ("Where a declaratory judgment action is filed to determine whether an insurer has a duty to defend its insured under its policy, if the insurer is found to have such a duty, its insured is entitled to recover reasonable attorney's fees arising from the declaratory judgment litigation."); <u>Daily Gazette Co., Inc. v. Canady</u>, 175 W. Va. 249, 253 S.E.2d 262, 266 (1985) (holding that attorney's fees could be incurred as a result of "vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith

argument for the application, extension, modification, or reversal of existing law"); Nelson v. West Virginia Public Employees Insurance Board, 171 W. Va. 445, 451, 300 S.E.2d 86, 92 (1982) ("In mandamus proceedings where a public officer willfully fails to obey the law, attorney fees will be awarded.").

While the plaintiff asserts that he is entitled to an award of reasonable attorney's fees and costs under the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1 et seq., the plaintiff has not explained why his other claims fit into one of the existing exceptions to the general rule. Moreover, while the West Virginia Wage Payment and Collection Act permits the Court to "assess costs of the action, including reasonable attorney fees against the defendant," this Court finds that the plaintiff has failed to apportion his fees to distinguish work completed for the Wage Repayment Act claim and work completed for non-fee bearing claims. See W. Va. Code § 21-5-12. Moreover, this Court finds that, even if the plaintiff attempted to apportion such fees, it would be unlikely, based on the plaintiff's submission, that it could be done accurately. Therefore, the Court declines to modify its previously entered default judgment order and plaintiff's request for attorney's fees is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein. The Clerk is directed to transmit a copy of this order to the defendant at EMS USA, Inc., 2000 Bering Drive,

Suite 600, Houston, Texas 77057, which is the address provided for the defendant on the docket sheet.

DATED: September 21, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE